**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STERLING NATIONAL BANK and**
**STERLING FINANCIAL SERVICES, INC.,**

        **Plaintiffs,**

**-vs-**                                              **Case No. 6:05-cv-234-Orl-31KRS**

**L.V. FINANCIAL, INC. and EDWARD**
**LOPES,**

        **Defendants.**

_____

**ORDER**

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**    **PLAINTIFF'S MOTION FOR WRIT OF GARNISHMENT (Doc. No. 89)**
>
> **FILED:**      **August 4, 2005**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

> **MOTION:**    **PLAINTIFF'S MOTION FOR WRIT OF GARNISHMENT (Doc. No. 90)**
>
> **FILED:**      **August 4, 2005**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

> **MOTION:      PLAINTIFF'S MOTION FOR WRIT OF GARNISHMENT (Doc. No. 91)**
>
> **FILED:       August 4, 2005**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

> **MOTION:      PLAINTIFF'S MOTION FOR WRIT OF GARNISHMENT (Doc. No. 92)**
>
> **FILED:       August 4, 2005**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

> **MOTION:      PLAINTIFF'S MOTION FOR WRIT OF GARNISHMENT (Doc. No. 96)**
>
> **FILED:       August 19, 2005**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

> **MOTION:      PLAINTIFF'S MOTION FOR WRIT OF GARNISHMENT (Doc. No. 98)**
>
> **FILED:       August 19, 2005**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

> **MOTION:      PLAINTIFF'S MOTION FOR WRIT OF GARNISHMENT (Doc. No. 100)**
>
> **FILED:       August 19, 2005**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

The requested writs are not in the proper form. Some do not provide the notice required by Florida law. *See* Fla. Stat. § 77.04. Some are directed "To the Marshal of: Orange County," but there is no such office. Other writs are directed to "Each Sheriff of the State," but it appears that federal, not state officers should serve the writs. *See United States v. St. Paul Mercury Ins. Co.*, 361 F.2d 838 (5th Cir. 1966).

Further, some of the writs seek to garnish entities outside the State of Florida. The movants have cited no legal authority establishing that this Court may issue writs of garnishment to garnishees located outside of the State of Florida.

In connection with any renewed motions seeking assistance in collecting the final judgment entered in this case, the movant shall provide a memorandum of law that addresses the procedure for the requested collection procedure in Florida, as it is applicable to this Court under the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Orlando, Florida on August 22, 2005.

Copies furnished to:

Counsel of Record
Unrepresented Parties